IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

United States of America,

Plaintiff,

v.

Fabian López-Pino, et al.,

Defendant.

Crim. No. 23-353 (GMM)

## OPINION AND ORDER

Before the Court are five motions in limine filed by the United States of America (the "United States"): *United States's Motion in Limine* (Docket No. 1617); *Motion in Limine to Admit State Court Convictions as Self-Authenticating Documents* (Docket No. 1618); *Motion in Limine Regarding Co-Conspirator Statements* (Docket No. 1619); *The United States of America's Motion in Limine to Allow Officers to Offer Lay Opinion Testimony* (Docket No. 1620); and *Motion in Limine Regarding Authenticity of Evidence* (Docket No. 1621) (collectively, the "*Motions in Limine*"). For the reasons set forth below, the United States' *Motions in Limine* are **GRANTED IN PART** and **DENIED IN PART**.

## I.    BACKGROUND

On September 20, 2025, a grand jury returned a seven-count *Indictment* against forty-two (42) defendants. (Docket No. 3). Count One charges conspiracy to possess with intent to distribute and distribution of controlled substances – heroin, fentanyl,

Criminal No. 23-353 (GMM)
Page -2-

cocaine, crack, marijuana, Tramadol, and Clonazepam – within 1,000 feet of the Enrique Zorrilla Public Housing Project, Villa Evangelina Public Housing Project, Vivamery Public Housing Project, Los Murales Public Housing Project, and other areas, in violation of 21 U.S.C. §§ 841, 846, and 860. (Id. at 4-13). Count Two charges possession and distribution of heroin, in violation of 21 U.S.C. § 841 and 860 and 18 U.S.C. § 2. (Id. at 13-15). Count Three charges possession and distribution of cocaine base (i.e., crack), in violation of 21 U.S.C. §§ 841 and 860, and 18 U.S.C. § 2. (Id. at 15-17). Count Four charges possession and distribution of cocaine, in violation of 21 U.S.C. §§ 841 and 860, and 18 U.S.C. § 2. (Id. at 17-19). Count Five charges possession and distribution of marijuana, in violation of 21 U.S.C. §§ 841 and 860, and 18 U.S.C. § 2. (Id. at 19-20). Count Six charges possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). (Id. at 20-21). Count Seven charges possession of a machinegun in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and (B)(ii) and 18 U.S.C. § 2. (Id. at 22-23).

Trial as to the first group of defendants — Fabian López-Pino (1) ("Defendant López-Pino"), Michael Angelo Reyes-Vázquez (2) ("Defendant Reyes-Vázquez"), Joshua Siragusa-Romero (3) ("Defendant Siragusa-Romero"), and Daniel Morla-Reyes (9) ("Defendant Morla-Reyes") (collectively, "Defendants") — is

Criminal No. 23-353 (GMM)
Page -3-

scheduled to commence on March 31, 2026, before the undersigned. Defendant López-Pino is charged in Counts One through Six; Defendant Reyes-Vázquez is charged in Counts One through Seven; Defendant Siragusa-Romero is charged in Counts One through Six; and Defendant Morla-Reyes is charged in Counts One through Six.

On February 20, 2026, the United States filed the *Motions in Limine* in this case. (Docket Nos. 1617-21). As of March 6, 2026, two defendants have responded. Defendant López-Pino filed his *Response to Motion in Limine, at docket no. 1617*; *Response to Motion in Limine, at docket no. 161[8]*; and *Response to Motion in Limine Regarding Co-Conspirator Statements, at docket no. 1619*. (Docket Nos. 1639, 1641, 1644). Subsequently, Defendant López-Pino also filed a *Response to Motion in Limine Regarding Authenticity of Evidence, at docket no. 1621*, (Docket No. 1662), and *Response to Motion in Limine to Allow Officers to Offer Lay Opinion Testimony, at docket no. 1620*. (Docket No. 1666). These responses object generally to the asserted breadth and lack of specificity in the Government's requests.

Defendant Morla-Reyes filed a *Motion to Join Codefendant's Motions at DE 1633, 1639, 1641, 1644, 1662 and 1666* on March 6, 2026, joining Defendant López-Pino's requests. (Docket No. 1670). Defendant Reyes-Vázquez also filed a *Motion for Joinder of Co-Defendant Lopez-Pino's Motions at DKTS. 1639, 1641, 1644 and 1633*. (Docket No. 1671). Defendant Siragusa-Romero filed a *Motion for*

Criminal No. 23-353 (GMM)
Page -4-

*Joinder of Codefendant Lopez Pino Objections to Government in Limine Motions*. (Docket No. 1672). All requests for joinder were granted by the Court on March 8, 2026. (Docket Nos. 1673-1675).

## II.   LEGAL STANDARD

"Federal district judges enjoy broad discretion in respect to the ordering and presentation of proof and the handling of evidentiary questions." United States v. Holmquist, 36 F.3d 154, 163 (1st Cir. 1994); *see* Fed. R. Evid. 104(a), (c). A motion in limine permits a court to rule in advance of trial on the admissibility of anticipated evidence to avoid interruption or delay during the proceedings. *See* United States v. Grullon, 996 F.3d 21, 28 n.8 (1st Cir. 2021).

Rulings on motions in limine are provisional and may be revisited as the evidence develops at trial. *See* United States v. Benedetti, 433 F.3d 111, 117 (1st Cir. 2005). On appeal, such rulings are reviewed for abuse of discretion. *See* White v. N.H. Dep't of Corr., 221 F.3d 254, 262 (1st Cir. 2002).

## III. DISCUSSION AND APPLICABLE LAW

A.   Motion to preclude Defendants from eliciting self-serving, exculpatory statements

The United States first moves the Court to preclude the Defendants from "introducing any evidence, making any statement, or asking any questions that include or could be reasonably

Criminal No. 23-353 (GMM)
Page -5-

expected to elicit the defendant's purportedly exculpatory hearsay" while the jury is present. (Docket No. 1617 at 1).

Federal Rules of Evidence 801 and 802 prohibit hearsay. *See* Fed. R. Evid. 801-02. Hearsay is defined as an out-of-court statement that is offered as "evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Although Rule 801(d)(2) establishes that opposing party statements are not hearsay, this exemption "exclude[s] the introduction of self-serving statements by the party making them." United States v. Palow, 777 F.2d 52, 56 (1st Cir. 1985); *see* Fed. R. Evid. 801(d)(2).

The Government bases its request on Federal Rule of Evidence 801(d)(2) but does not specify exactly which self-serving statements have been produced by Defendants and are allegedly inadmissible. To the extent that the United States requests that Defendants comply with the Federal Rules of Evidence, the *Motion in Limine* at Docket No. 1617 is **GRANTED**. Defendants are precluded from introducing or eliciting self-serving, exculpatory hearsay statements that violate the rules against hearsay, subject to the Court's consideration of any specific evidentiary issues that may arise during trial.

Criminal No. 23-353 (GMM)
Page -6-

B.    Motion to allow the United States to introduce Defendants'
      prior convictions as self-authenticating documents

Pursuant to Federal Rule of Evidence 902, the United States requests the Court to allow the introduction of "self-authenticating documents, specifically, records of convictions" from the Puerto Rico state court. (Docket No. 1618 at 1).

Certain categories of evidence are self-authenticating and do not require extrinsic evidence, such as witness testimony, to support a finding that the evidence is what the proponent claims it to be. *See* Fed. R. Evid. 901-02. One such category is certified copies of public records. Fed. R. Evid. 902(4). Rule 902(4) provides that these records are self-authenticating if the copy is certified as correct by "the custodian or another person authorized to make the certification" or "a certificate" by the appropriate Government authorities. Id. Thus, certified copies of the Puerto Rico state court records of conviction meet these criteria, as they are sealed and properly certified by the custodian of records of the court where the convictions were entered. Thus, the *Motion in Limine* at Docket No. 1618 is **GRANTED IN PART** and **DENIED IN PART** as to the certified documents showing Defendants' prior convictions. Notwithstanding, the Government is bound by the Federal Rules of Evidence to the purpose of admitting these documents.

Criminal No. 23-353 (GMM)
Page -7-

C.  <u>Motion to allow the United States to present coconspirator
    statements</u>

The United States requests that the Court allow the Government
to present evidence of coconspirator statements pursuant to
Federal Rule of Evidence 801(d)(2)(E) and <u>United States v.
Petrozziello</u>, 548 F.2d 20 (1st Cir. 1977). (Docket No. 1619). The
United States anticipates that the cooperating witnesses, who
allegedly participated in the conspiracy, will testify as to
statements made to them by Defendants. (<u>Id.</u> at 2).

Rule 801(d)(2)(E) exempts from the general ban against
hearsay statements that were made by a defendant to a coconspirator
"during and in furtherance of the conspiracy." Fed. R. Evid.
801(d)(2)(E). Given that coconspirator statements are not hearsay
under this rule, they "may be considered for the truth of the
matter asserted" when presented by the Government. <u>United States
v. Ramos-Baez</u>, 86 F.4th 28, 71 (1st Cir. 2023).

A coconspirator statement may be admitted as non-hearsay if
it satisfies the requirements in <u>Petrozziello</u>. Under <u>Petrozziello</u>,
the party seeking admission of "a coconspirator statement must
establish by a preponderance of the evidence that the declarant
and the defendant were members of the same conspiracy at the time
that the statement was made and that the statement was made 'in
furtherance' of the conspiracy." <u>Ramos-Báez</u>, 86 F.4th at 72.
However, this determination can only be made "if there is

Criminal No. 23-353 (GMM)
Page -8-

corroboration in the form of extrinsic evidence beyond the statement itself of the declarant's involvement in the conspiracy." Id. In making this preliminary determination, the Court may consider hearsay, including the challenged statement itself. United States v. Mitchell, 596 F.3d 18, 23 (1st Cir. 2010).

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the *Motion in Limine* at Docket No. 1619. The Court will conditionally admit coconspirator statements subject to the United States establishing, by a preponderance of the evidence, the requirements of Rule 801(d)(2)(E) and *Petrozziello*.

D.    Motion to allow the United States to offer lay opinion testimony by law enforcement officers

The United States moves the Court to allow law enforcement officers to offer lay opinion testimony based on their training and experience regarding: "(1) firearm and ammunition, including identifying machineguns, caliber of ammunition and the use of extended magazines; (2) items retrieved from a phone via extraction and Instagram accounts; (3) use of drug packaging paraphernalia; (4) drug ledgers; and (5) other items within their training and experience." (Docket No. 1620 at 1).

Rule 701 sets the rules for the admissibility of opinion testimony by lay witnesses. *See* Fed. R. Evid. 701. To that end, Rule 701 requires that an opinion by a lay witness be "(a) rationally based on the witness's perception; (b) helpful to

Criminal No. 23-353 (GMM)
Page -9-

clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of [the rule on testimony by expert witnesses]." Id.

"When a law enforcement officer provides interpretive testimony as lay opinion, the government must erect a foundation to ensure that the opinion fulfills the requirements of Rule 701." United States v. Rodriguez, 115 F.4th 24, 43 (1st Cir. 2024). As such, the district court must assess whether the "law enforcement officer is equipped by knowledge, experience, and training to break criminal codes such that his testimony can help to inform the factfinder's understanding" of the communications at issue. Id. (*quoting* United States v. Dunston, 851 F.3d 91, 97 (1st Cir. 2017)) (citation modified).

The "line between expert testimony under Rule 702 and lay opinion testimony under Rule 701 is, in practice, 'not [an] easy [one] to draw.'" United States v. Valdivia, 680 F.3d 33, 50 (1st Cir. 2012) (citation omitted). Nevertheless, the First Circuit has "previously upheld the admission of similar lay opinion testimony about drug distribution practices based on law enforcement experience." United States v. Agramonte-Quezada, 30 F.4th 1, 20-21 (1st Cir. 2022) (citation omitted). In this regard, the Court has stated: "we have long held that government witnesses with experience in drug investigations may explain the drug trade and

Criminal No. 23-353 (GMM)
Page -10-

translate coded language for juries, either through lay or, if qualified, expert testimony." United States v. Rosado-Pérez, 605 F.3d 48, 56 (1st Cir. 2010). "Indeed, time and again we have stated that Rule 701 lets in testimony based on the lay expertise a witness personally acquires through experience, often on the job." United States v. Belanger, 890 F.3d 13, 25 (1st Cir. 2018) (citation modified); *see also* United States v. Habibi, 783 F.3d 1, 5 (1st Cir. 2015) (concluding it was not an abuse of discretion to permit an agent to offer lay testimony when the testimony was based on the agent's "experience as a federal law enforcement officer").

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the *Motion in Limine* at Docket No. 1620 and will conditionally allow the lay testimony of law enforcement officers only in compliance with the strictures highlighted above.


E.    Motion to allow the United States to present as evidence
      information obtained from the extraction of cell phones,
      social media, and other electronic sources

The United States requests the Court to allow the presentation of evidence obtained from the extraction of cell phones, Instagram accounts, and other electronic sources. (Docket No. 1621).

Rule 901(a) provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

Criminal No. 23-353 (GMM)
Page -11-

Rule 901(b) offers many examples of evidence that satisfies the standard of proof for establishing authenticity, including testimony of a witness with knowledge, circumstantial evidence, and evidence describing a process or system that shows that it produces an accurate result. Id. The standards and examples provided by Rule 901(a) and (b) are — by design — flexible enough to adapt to all forms of evidence - including electronic evidence.

Accordingly, the Court will conditionally **GRANT IN PART AND DENY IN PART** the *Motion in Limine,* at Docket No. 1621, as to the cellphone extracted data subject to the Government's compliance with Rule 901 and other applicable evidentiary rules that require establishing the proper foundation for admissibility. The Government shall sufficiently show that the phone in question belonged to the applicable Defendant and that the extraction report and accompanying exhibits were derived from the contents of that Defendant's phone through a reliable process or system. As to evidence extracted from Instagram accounts, social media, or other electronic sources, the Government shall also establish the evidence's authenticity and establish the proper grounds for its admissibility under the Federal Rules of Evidence.

**Criminal No. 23-353 (GMM)**
**Page -12-**

### IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** the *Motions in Limine* at Docket Nos. 1617 through 1621 as delineated herein.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, March 9, 2026.


/s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE